Filed 5/5/15  P. v. Vance CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | B258471 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA420735) |
| v. | |
| VINCENT VANCE, | |
| Defendant and Appellant. | |

THE COURT:[*]

Appellant Vincent Vance was charged with sale of a controlled substance (Health & Saf. Code, § 11352, subd. (a); count I) and possession for sale of a controlled substance (cocaine) (Health & Saf. Code, § 11351.5; count II).  It was also alleged that appellant suffered two prior narcotic sale convictions, pursuant to Health & Safety Code section 11370.2, subdivision (a).

Appellant pleaded not guilty and denied all allegations.

After a six-day trial, the jury found appellant guilty on count I and not guilty on count II.  The jury did find him guilty of the lesser included offense of simple possession

---

[*]      BOREN, P. J., ASHMANN-GERST, J., CHAVEZ, J.

of a controlled substance, a felony violation of Health & Safety Code section 11350, subdivision (a).

The trial court denied probation and imposed the midterm sentence of four years in state prison on count I and the midterm sentence of two years on count II, with the sentences to run concurrently. Appellant was awarded custody credits and was ordered to pay certain fines and restitution.

Appellant timely filed a notice of appeal.

Counsel was appointed to represent appellant in connection with this appeal. After examination of the record, counsel filed an "Opening Brief" in which no arguable issues were raised. On February 9, 2015, we advised appellant that he had 30 days within which to personally submit any contentions or issues for us to consider.

On February 23, 2015, we received a hand-written letter from appellant, arguing that he received ineffective assistance of counsel in the trial court because he has mental health issues that were not raised until sentencing and his attorney did not attempt to "get [him] in a mental health court." Absent record citations or evidence to support appellant's representations, appellant's claim of ineffective assistance of counsel must be raised in a habeas corpus proceeding. (See *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266–267.)

We have examined the entire record and are satisfied that appellant's appellate counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441 (*Wende*).) We see no indication of any error.

In the opening brief, appellate counsel requests that we independently review the sealed transcripts of two in camera hearings in which the trial court considered whether it would permit cross-examination of a police officer about the radio transmitter he was wearing at the time of appellant's arrest. Counsel writes: "Due to the closed nature of the in camera hearing and the privileged or confidential nature of any records produced and reviewed, appellant cannot determine whether the court followed proper procedure or abused its discretion." We have reviewed the sealed transcripts and conclude that proper

2

procedures were followed.  (See, e.g., *In re Marcos B.* (2013) 214 Cal.App.4th 299, 308–313.)

Appellant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment and sentence entered against him in this case.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)

The judgment and resentencing order are affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.